EDITH GRUBE HERRINGTON and MAXWELL RUBIN, on Behalf of Themselves and All Heirs at Law of HENRY GRUBE, Deceased, Similarly Situated, Plaintiffs, *v.* FRANCIS E. LAIMBEER, Respondent, Impleaded with LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK and Others, Defendants.

MAXWELL RUBIN, Plaintiff, Appellant.   (Appeal No. 1.)

First Department, July 1, 1937.

*E. Crosby Kindleberger* of counsel [*Maxwell Rubin* and *Emanuel Kintisch* with him on the brief; *William W. Pellet,* attorney], for the appellant.

*Arthur T. O'Leary* of counsel [*Edward W. Rooney* with him on the brief], for the respondent.

PER CURIAM. The decrees relied on in the first partial defense having been vacated, that defense should be stricken out. The second partial defense alleging the pendency of another action between the same parties for the same cause should be permitted to stand. The first complete defense should be stricken out because it fails to allege that the plaintiff has no interest in the subject-matter of the action. The second complete defense should be stricken out upon the ground that the action is a representative one. (Civ. Prac. Act, § 195.)

The order should be modified by striking out the first partial defense and the first and second complete defenses, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, DORE and COHN, JJ.; DORE and COHN, JJ., dissent.

DORE, J. (dissenting). I dissent to the extent of voting to sustain the second separate and distinct defense. That defense alleges in effect that a complete determination of the controversy cannot be had without the presence of seven named persons who are all the persons beneficially interested in the estate in question and necessary parties in any proceeding for an accounting, that the expense to which the estate would be subjected by reason of this action would be borne by them and not the plaintiff, and that they are in fact the only parties having an interest in the estate; that these defendants would be subjected to a multiplicity of suits and have been deliberately omitted as parties because the plaintiff knows that they are opposed to the action, and that the plaintiff does not come into court with clean hands. On a motion of this kind we must assume that all the allegations of the pleading are true. Accordingly, I vote to sustain the second separate and distinct defense.

COHN J., concurs.

Order modified by striking out the first partial defense and the first and second complete defenses, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.